IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIGIA MUNTEANU <br> 342 S. Main Street <br> Rochester, Michigan 48307 <br> 342 S. Main Street 48307 <br><br> *On Behalf of Herself and All* <br> *Other Similarly Situated Individuals* <br><br> PLAINTIFF[1], <br><br>  v. <br><br> BULLDOG AMUSEMENTS IV, INC. <br> d/b/a CLUB VENUS <br> 9506 Michigan Avenue <br> Detroit, Michigan 48210 <br><br> SERVE:  A. Peter Warren, II <br> 30194 Hoy Street <br> Livonia, Michigan 28154 <br><br> DEFENDANT. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.  This is a class and collective action brought by Plaintiff Ligia Munteanu ("Plaintiff") against Defendant Bulldog Amusements IV, Inc. d/b/a Club Venus (hereafter "Club Venus" or "Defendant").

2.  The class and collective is composed of female employees who, during the relevant time period of April 2016 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant or Defendant's predecessor entities and were denied their fundamental rights under applicable state and federal laws.

---

[1] To avoid retaliation, Plaintiff have used the mailing address of their attorneys.

3.	Specifically, Plaintiff complains that Defendant and predecessor entities doing business as Club Venus (or under similar names) at the location 9506 Michigan Avenue Detroit, Michigan 48210 misclassified Plaintiff and all other members of the class and collective as "independent contractors" at all times in which they worked as dancers at Defendant's, Detroit, Michigan based gentlemen's club doing business as Club Venus.

4.	As a result, Defendant failed to pay Plaintiff and all other members of the class and collective minimum wage compensation they were entitled to under the Federal Fair Labor Standards Act ("FLSA") and the Michigan Minimum Wage Law ("MMWL").

5.	Plaintiff bring this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6.	Plaintiff is an adult resident of Detroit, Michigan.

7.	Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA and the MMWL.

8.	Club Venus is a corporation formed in the State of Michigan that operates as a gentlemen's club featuring female exotic dancers at the address 9506 Michigan Avenue Detroit, Michigan 48210.

9.	During the relevant period, Club Venus entered into a buy-sell a now-dissolved prior similarly named entity and, following the sale, commenced operations and ownership of the same "Club Venus" gentlemen's club featuring female exotic dancers at the same business address.

10.	Club Venus operates as a legal successor and continuation of prior entities doing business under the "Club Venus" name because (i) the businesses operate or operated as a gentlemen's

club featuring female exotic dancers; (ii) the businesses (ii) the businesses operate or operated under the same or a substantially similar business or trade name; (iii) the businesses provide/offer the same or substantially similar food, spirituous beverages, and female exotic dancer entertainment; (iv) the businesses provide nearly identical female exotic dancer entertainment to substantially similar customers; (v) the businesses operate at an identical physical location; (vi) the businesses operate under the same or nearly identical operating hours; (vii) the businesses subject the female exotic dancer workforce at the club to the same or substantially similar rules, pay structure, and independent contractor misclassification; and (viii) the businesses operate with the same or nearly identical employees (including female exotic dancers) and management.

11.     At the time of the buy-sell agreement between the Club Venus had notice the prior entity or entities that did business under the Club Venus trade name (i) misclassified its exotic dancers as independent contractors; (ii) did not pay any wages to its exotic dancers; and (iii) did not keep or maintain time records or other employment records for its exotic dancers.

12.     At the time of the buy-sell agreement, Club Venus had actual or constructive knowledge of lawsuits in Michigan and across the country filed by current and former exotic dancers for (i) misclassification as independent contractors and (ii) failure of the clubs to pay minimum wage compensation and otherwise complying with state and federal labor and employment laws.

13.     At the time of the buy-sell agreement, Club Venus had actual or constructive knowledge of potential wage and hour legal claims belonging to Plaintiff and other misclassified exotic dancers at the club against the club.

14.     At the time of the buy-sell agreement, Club Venus had actual or constructive notice that it, as a successor entity, would or could be potentially liable as a legal successor for Federal and

State wage and hour violations perpetrated by prior entities doing business under the Club Venus trade name against Plaintiff and other similarly situated female exotic dancers.

15. During the period relevant, Club Venus qualified as Plaintiff's employer and the employer of all other exotic dancers at the club, within the meaning of the FLSA and MMWL.

16. During the relevant period, Club Venus had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

17. This Court has personal jurisdiction over Club Venus, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated MMWL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

18. Plaintiff was employed as an exotic dancer by Club Venus and prior entities doing business under the Club Venus trade name at the Club Venus gentlemen's club in Detroit, Michigan, for the period of about August 2012 through about July 2017.

19. During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

20. During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

21. On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Defendant or its predecessor entities during the relevant period.

22. At all times, Defendant and/or its predecessor entities had actual knowledge of all hours

Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at the club.

23. At no time during Plaintiff's period of employment did Defendant or any of its predecessor entities ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

24. At all times relevant, Defendant and its predecessor entities totally failed to pay wages or any kind of compensation to Plaintiff and all other exotic dancers for work duties performed.

25. At all times relevant, Defendant and its predecessor entities misclassified Plaintiff and all other exotic dancers at the Club Venus gentlemen's club as independent contractors when these individuals should have been classified under the FLSA and MMWL as employees.

26. At all times, Defendant or its predecessor entities controlled all aspects of the job duties Plaintiff and all other exotic dancers performed inside the Club Venus gentlemen's club through employment rules and workplace policies.

27. At all times, Defendant or its predecessor entities controlled the method by which Plaintiff and all other exotic dancers could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

28. At all times, Defendant or its predecessor entities required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant or its predecessor entities.

29. Defendant or its predecessor entities hired Plaintiff and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

30. Defendant or its predecessor entities, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

31. Defendant or its predecessor entities conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at the club's sole discretion, the club's management and/or ownership could deny any Plaintiff or any other dancer access or ability to dance and/or work at the Club Venus gentlemen's club.

32. At all times, Defendant or its predecessor entities had the right to suspend or send Plaintiff or other exotic dancers home and away from the club if Plaintiff or other dancers violated rules or policies or if the club's ownership or management, at its discretion, did not want Plaintiff or any other dancer at the club.

33. As a condition of employment with Defendant or its predecessor entities, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

34. At all times relevant, Defendant and its predecessor entities were in the business of operating a night club featuring exotic dancers and at all times it was the job duty of Plaintiff and each other exotic dancer to perform as exotic dancers for the club's customers.

35. In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Defendant and its predecessor entities required Plaintiff and all other exotic dancers to pay the club or its ownership or management a house fee or kickback of $25.00-$50.00 or more for each shift Plaintiff and the other exotic dancers worked.

36. At all times during the relevant period, without legal excuse or justification, Defendant and its predecessor entities regularly and customarily kept and/or assigned to management tips

and gratuities Plaintiff and other exotic dancers received from customers.

37. For at least the past twenty (20) years, gentlemen's clubs like Club Venus have been publically sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA and state wage and hour laws.

38. On information and belief, Defendant and its predecessor entities, and their ownership and management, had actual or constructive knowledge that for at least the past twenty (20) years, there have been ongoing or past litigation by exotic dancers against gentlemen's clubs like Club Venus in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

39. On information and belief, Defendant and its predecessor entities, and their ownership and management, had actual or constructive knowledge that for at least the past twenty (20) years, courts in Michigan and across the country in ongoing or past litigation have found that exotic dancers like Plaintiff and other exotic dancers at Club Venus were employees and not independent contractors and were owed minimum wage compensation under the FLSA and the MMWL.

40. For the entire time period relevant to this action, Defendant and its predecessor entities have had actual or constructive knowledge the club misclassified Plaintiff and other exotic dancers at the Club Venus as independent contractors instead of as employees and that Defendant and its predecessor entities' failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA and the MMWL.

## **CLASS ALLEGATIONS**

41. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. The Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant time period, worked as an exotic dancer at any of the , but were designated as an independent contractor and therefore, were not paid minimum wage compensation as required by the MMWHL (hereinafter, "the Class").

43. On information and belief, the Class are believed to exceed one hundred (100) current and former exotic dancers at the Club Venus gentlemen's club and are therefore so numerous that joinder of all members is impracticable.

44. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

   i. Whether Defendant violated the MMWL by classifying all exotic dancers at the Club Venus gentlemen's club as "independent contractors," as opposed to employees, and not paying them any minimum wages;

   ii. Whether Defendant unlawfully required class members to split their tips with Defendant and its predecessor entities;

   iii. Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

   iv. Whether Defendant violated the MMWL; and

   v. The amount of damages and other relief (including statutory liquidated damages) Plaintiff and the Class are entitled to.

45. Plaintiff's claims are typical of those of the Class.

46.	Plaintiff, like other members of the Class, was misclassified as an independent contractor and denied her rights to wages and gratuities under the MMWL.

47.	Defendant and its predecessor entities misclassification of Plaintiff was done pursuant to a common business practice which affected all Class members in a similar way.

48.	The named Plaintiff and the undersigned counsel are adequate representatives of the Class.

49.	Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class.

50.	Plaintiff has no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

51.	Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

52.	This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

53.	This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

54.	Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who at any time during the relevant

9

time period worked for Defendant or its predecessor entities as an exotic dancer and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

55. Plaintiff and the members of the Collective are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant or its predecessors for hours worked; (3) were victims of tip theft whereby Defendant or its predecessor entities kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fee kickback to Defendant and its predecessor entities for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

56. Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant and its predecessor entities for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant, its predecessor entities, and/or Defendant or its predecessor entities' management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant and its predecessor's failure to pay minimum wage compensation as required by the FLSA.

57. On information and belief, Defendant and its predecessor entities have employed at least one hundred (100) current and former exotic dancers at the Club Venus gentlemen's club in the past three (3) years.

58. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant or its

predecessor entities at Club Venus in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

59. Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

60. The FLSA required Defendant and its predecessor entities to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

61. The FLSA required that Defendant and its predecessor entities allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

62. As set forth above, Defendant and its predecessor entities failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

63. Without legal excuse or justification, Defendant and its predecessor entities kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

64. Defendant and its predecessor entities' failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

### COUNT II
### VIOLATION OF MICHIGAN MINIMUM WAGE LAW OF 1964
(Failure to Pay Statutory Minimum Wage)

65. Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

66. The MMWL required Defendant and its predecessor entities to pay Plaintiff and other

similarly situated exotic dancers at an hourly rate at least equal to the Michigan Minimum Wage.

67. The MMWHL required that Defendant and its predecessor entities allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

68. As set forth above, Defendant and its predecessor entities failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the MMWL Michigan Minimum Wage requirements.

69. Without legal excuse or justification, Defendant and its predecessor entities kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

70. Defendant and its predecessor entities' failure to pay Plaintiff and other similarly situated exotic dancers as required by the MMWL was willful and intentional and was not in good faith.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiff's Class claims under the MMWL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for it and its predecessors (to which it is a legal successor) failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the MMWL;

D. Judgment against Defendant for it and its predecessors (to which it is a legal

successor) failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

E. Judgment against Defendant for it and its predecessors (to which it is a legal successor) unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

F. Judgment that Defendant and its predecessors' (to which it is a legal successor) violations of the MMWL minimum wage requirements were not the product of good faith on the part of Defendant or its predecessors;

G. Judgment that Defendant and its predecessors' (to which it is a legal successor) violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant or its predecessors;

H. Judgment that Defendant and its predecessors' (to which it is a legal successor) violations of the MMWL minimum wage requirements were willful;

I. Judgment that Defendant and its predecessors' (to which it is a legal successor) violations of the FLSA minimum wage requirements were willful;

J. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

K. An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's predecessors and/or Defendant and/or its predecessor's management;

L. An award of statutory liquidated damages in amounts prescribed by the MMWL;

M. An award of statutory liquidated damages in amounts prescribed by the FLSA;

N. An award of attorneys' fees and costs to be determined by post-trial petition;

  O. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

  P. Such further relief as may be necessary and appropriate.

            Respectfully submitted,

Dated: April 12, 2019       __/s/ Clifford Neubauer Jr._____
                Clifford Neubauer, Jr.
                Erskine Law
                342 S. Main Street
                Rochester, Michigan 48307
                (248) 601-4499 (ph)
                Email: cneubauer@erskinelaw.com

                Gregg C. Greenberg, MD Fed. Bar No. 17291
                (To Be Admitted Pro Hac Vice)
                Zipin, Amster & Greenberg, LLC
                8757 Georgia Avenue, Suite 400
                Silver Spring, Maryland 20910
                (301) 587-9373 (ph)
                Email:  GGreenberg@ZAGFirm.com

                *Counsel for Plaintiff and the Class / Collective*